UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06318-SVW (AJWx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | Greystone Management Group, Inc. v. Rene Pineda et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

Plaintiff Greystone Management Group, Inc. filed an unlawful detainer action against defendant Rene Pineda[1] in the Los Angeles County Superior Court on May 9, 2014. Defendant has removed the case here pursuant to 28 U.S.C. §§ 1441, alleging federal jurisdiction based on a counterclaim brought under 42 U.S.C. § 1983 for violations of his Constitutional rights to Due Process and Equal Protection. Defendant also asserts 28 U.S.C. § 1443(1) as a ground for removal.

28 U.S.C. § 1441 governs removal jurisdiction. There is a "strong presumption" against it. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, defendant bears the burden of establishing jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

28 U.S.C. § 1443 "gives a right of removal to certain petitioners who claim federally secured rights as a defense to a state prosecution." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1971). A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966). *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by

---

[1] Because Rene Pineda appears pro se, this Court construes his notice of removal liberally. *Christensen v. C.I.R.*, 786 F.2d 1382, 1384 (9th Cir. 1986) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) ("The Supreme Court has directed federal trial courts to read pro se papers liberally.").

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06318-SVW (AJWx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | Greystone Management Group, Inc. v. Rene Pineda et al. | | |

JS - 6

explicit statutory enactment protecting equal racial civil rights." *Sandoval*, 434 F.2d at 636. "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Even under a liberal construction of Defendant's notice of removal, it is not entirely clear why Defendant asserts that removal is proper under 28 U.S.C. § 1443(1). The most logical interpretation is that Defendant argues that California courts routinely discriminate against pro se litigants. (Notice of Removal, at 13.) This is not a basis for removal under 28 U.S.C. § 1443(1). Defendant identifies no California law directing state courts not to enforce his federal civil rights. *See Patel*, 446 F.3d at 999.

Nor does defendant show the existence of federal question or diversity jurisdiction.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citation and internal quotation marks omitted). A counterclaim arising under federal law cannot serve as the basis for removal. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831–32 (2002). Plaintiff's complaint states a single claim for unlawful detainer, which is purely a matter of California law. On its face, therefore, the complaint shows no basis for federal question jurisdiction. Moreover, even if Defendant's answer properly states a counterclaim arising under federal law, this cannot serve as the basis for removal under federal-question jurisdiction.

Diversity jurisdiction exists in "civil actions where the matter in controversy exceeds the sum or value of \$75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a). The amount in controversy is determined from the complaint itself, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citation and internal quotation marks omitted). Defendant expressly disclaims any intent to remove based on diversity jurisdiction. (Notice of Removal, at 9.) He also does not assert facts that would support it.

The Court lacks jurisdiction over the subject matter of this case. The Clerk shall REMAND the case to the Los Angeles County Superior Court.

|  | : |
|---|---|
| Initials of Preparer | PMC |